UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ARMANDO MEJIA-ALMAZAN | ) | |
| | ) | Case Nos. 1:25-cv-183; 1:21-cr-13 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| UNITED STATES OF AMERICA | ) | |
| | ) | Magistrate Judge Mike Dumitru |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Armando Mejia-Almazan's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:25-cv-183; Doc. 392 in Case No. 1:21-cr-13). For the following reasons, the Court will **DENY** the motion (*id.*).

**I.      BACKGROUND**

On November 22, 2021, Petitioner pleaded guilty to conspiring to distributing 50 grams or more of methamphetamine (actual) and 500 grams or more of a mixture and substance containing a detectable amount methamphetamine, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A). (Doc. 146 in Case No. 1:21-cr-13.)  Petitioner was sentenced to 292 months of incarceration on April 7, 2023, and a judgment reflecting this was entered on April 12, 2023.  (*See* Docs. 375, 376 in Case No. 1:21-cr-13.)  Petitioner appealed his sentence, and the Sixth Circuit Court of Appeals affirmed the Court's judgment on February 26, 2024, with the mandate issuing on March 19, 2024.  (*See* Docs. 387, 389 in Case No. 1:21-cr-

1

13.) The present motion was filed on June 9, 2025 (*see* Doc. 1 in Case No. 1:25-cv-183; Doc. 392 in Case No. 1:21-cr-13), and it is ripe for review.[1]

## II. ANALYSIS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from whichever of the following measures is latest: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). If a defendant appeals the district court's judgment, the "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003); *see also Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012). "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *see also* Fed. R. Crim. P. App. D, Rule 3(d) ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."). Thus, a

---

[1] The Government filed a motion for an extension of time to file a response to Petitioner's motion. (Doc. 4.) The Government represents that its counsel was involved in two criminal trials and that a heavy appellate caseload would prevent the Government from filing a timely response. (*Id.* at 1–2.) For good cause shown, the Government's motion (Doc. 4) is **GRANTED**, and its response is deemed timely filed.

petitioner who has appealed his judgment of conviction must give a § 2255 motion to prison officials for filing within one year after his time to petition for certiorari expired. This rule does not apply, however, when a petitioner sends his petition to a third party who then mails it to the court for filing. *Cook*, 295 F.3d at 521.

The one-year limitations period under § 2255 may also be subject to equitable tolling. *See, e.g.*, *Blain v. United States*, 766 F. App'x 327, 330 (6th Cir. 2019); *Mitchell v. United States*, No. 3:20-CR-87-KAC-JEM-4, 2025 WL 1762100, at *3 (E.D. Tenn. June 25, 2025) ("Prevailing precedent holds that Section 2255's statute of limitations is subject to equitable tolling." (citation modified)). "Equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Johnson*, 457 F. App'x at 469 (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)) (citation modified). "Courts grant equitable tolling 'sparingly,' and a habeas petitioner is entitled to equitable tolling only if he shows that (1) 'he has been pursuing his rights diligently,' and (2) 'some extraordinary circumstance stood in his way and prevented timely filing.'" *Blain*, 766 F. App'x at 330 (quoting *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749–50 (6th Cir. 2011)).

Here, Petitioner does not advance any argument that suggests § 2255(f)(2)–(4) applies. (*See* Doc. 1 in Case No. 1:25-cv-183.) As such, § 2255(f)(1) will establish the limitations period for his motion. The Sixth Circuit Court of Appeals affirmed the Court's judgment on February 26, 2024, leaving Petitioner with a 90-day window to petition for a writ of certiorari. *See* (Doc. 387 in Case No. 1:21-cr-13); *Clay*, 537 U.S. at 525. Petitioner's judgment of conviction became final on May 26, 2024, after this window expired, leaving him until May 26, 2025, to file a

3

Case 1:25-cv-00183-TRM-MJD     Document 8     Filed 03/02/26     Page 3 of 6     PageID #: 66

motion pursuant to § 2255.  However, May 26, 2025, was a federal holiday, meaning Petitioner had until May 27, 2025, to file a § 2255 motion.  *See* Fed. R. Civ. P. 6.

Petitioner did not sign his motion until May 28, 2025.  (*See* Doc. 1, at 12 in Case No. 1:25-cv-183.)  Additionally, Petitioner did not file his motion from the institution in which he was incarcerated, as the mailing envelope indicates that an individual sent the Petition from an address in Georgia.  (*See* Doc. 1-1 in Case No. 1:25-cv-183.)  Further, the motion was not mailed to the Court until June 2, 2025.  (*See id.*)  Under these circumstances, Petitioner is not entitled to rely on the mailbox rule, *see Cook*, 295 F.3d at 521, and his motion is untimely.[2]

Petitioner fails to demonstrate that the Court should toll his filing deadline.  He represents that his motion was filed slightly late due to his recent relocation and because he had to wait on the prison mailroom.  (*See id.* at 11.)  A vague reference to relocation does not establish that an "extraordinary circumstance stood in [Petitioner's] way and prevented timely filing."  *See Blain*, 766 F. App'x at 330; *Sutherland v. Smith*, No. 17-5890, 2018 WL 3814583, at *2 (6th Cir. Feb. 13, 2018) ("Reasonable jurists would not debate the district court's conclusion that Sutherland was not entitled to equitable tolling despite his alleged inability to obtain his state court records because of his time spent in prison segregation and his multiple transfers to various prisons."); Moore v. Am., No. 16-6345, 2017 WL 3923085, at *2 (6th Cir. Apr. 12, 2017) (holding that equitable tolling was inapplicable when a petitioner "did not explain how he pursued his rights during the months prior and subsequent to his transfers").  Additionally, the mailbox rule should render any delay in mailing from the prison mailroom immaterial, and, as the Court explained

---

[2] Even if the Court were to assume that Petitioner could rely on the mailbox rule, his signature indicates that he did not mail his motion until after his time to do so expired.  (*See* Doc. 1, at 12 in Case No. 1:25-cv-183.)

4

above, Petitioner's motion would be late even if the mailbox rule applied. As such, Petitioner's motion is untimely, and he fails to show that the Court should toll his filing deadline.[3]

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:25-cv-183; Doc. 392 in Case No. 1:21-cr-13) is **DENIED**. The Government's motion for an extension (Doc. 4) is **GRANTED**, and Petitioner's motion for an extension (Doc. 5) is **DENIED AS MOOT**. Petitioner's requests regarding leave to file a supplement (Doc. 1, at 11 in Case No. 1:25-cv-183) and for an extension of time to file a reply (Doc. 7, at 2 Case No. 1:25-cv-183) are **DENIED**.

Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to show "that jurists of reason would find it debatable whether the [Court is] correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has reviewed this case **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Any application by Petitioner for leave to proceed in forma pauperis on appeal is **DENIED**.

---

[3] The Court notes that Petitioner has requested 90 days to supplement his motion (*id.* at 11), 60 days to respond to the Government's motion for an extension of time to respond (Doc. 5, at 1 in Case No. 1:25-cv-183), and 90 days to reply to the Government's response (Doc. 7, at 2 Case No. 1:25-cv-183). Petitioner also states that he did not receive the Government's response and asks that the Court order the Government to serve the filing again. (*Id.*)

The Court's local rules provide that "[u]nless otherwise stated by the Court, reply briefs are not necessary and are not required by the Court." E.D. Tenn. L.R. 7.1(c). Accordingly, Petitioner's request for an extension of time to file a reply brief is **DENIED**. The Court also finds that Petitioner has not presented good cause warranting leave to supplement his initial motion. Additionally, the Court has granted the Government's motion for an extension of time to respond (*see supra* Note 1), rendering any response to the Government's motion for an extension moot. As such, Petitioner's request for leave to file a supplement and for an extension of time to respond to the Government's motion are **DENIED**.

5

Case 1:25-cv-00183-TRM-MJD   Document 8   Filed 03/02/26   Page 5 of 6   PageID #: 68

**SO ORDERED. AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**